**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **BETTY ROBINSON ET AL.** | * | **CIVIL ACTION NO. 06-0005** |
| **VERSUS** | * | **JUDGE JAMES** |
| **CHEETAH TRANSPORTATION, UNION PACIFIC RAILROAD, KENWORTH OF JACKSON, LIBERTY MUTUAL FIRE INSURANCE COMPANY, AND JOHN GASTON** | * | **MAGISTRATE JUDGE HAYES** |

## RULING ON MOTION TO REMAND[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Motion to Remand filed by plaintiffs. [Document No. 17]. After review of the law and evidence

submitted by each side, for the reasons stated below, the undersigned finds that jurisdiction in

this Court is proper, and the Plaintiffs' Motion to Remand is **DENIED.**

## BACKGROUND

Plaintiff, Betty Robinson ("Robinson"), originally filed this action in state court on

November 28, 2005, as the putative class representative for a class consisting of all persons and

businesses that resided or worked in Caldwell Parish on October 7, 2004, and were affected by

the closure of the Columbia bridge. The bridge's closure occurred when John E. Gaston, a truck

driver and employee of Cheetah Transportation, struck the bridge with a tractor-trailer owned by

Kenworth of Jackson. The tractor-trailer's payload consisted of a yellow crane owned by

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

defendant, Union Pacific. Robinson claims that she and the individuals she is suing on behalf of suffered lost income, physical pain and suffering, mental anguish, inconvenience, lost wages, and loss of earning capacity.

On January 3, 2006, Liberty Mutual Fire Insurance Company ("Liberty"), defendant and insurer of Cheetah, removed the case to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1441(a)-(b), 1453. Citing CAFA's expansion of federal jurisdiction over class actions, Liberty claims that removal is warranted here because (1) the putative class contains at least 100 class members; (2) at least one defendant and Robinson share diversity; and (3) the sum of the putative class members' claims exceeds $5,000,000 in the aggregate for the entire class.[2] In addition to reiterating these points in its opposition to Robinson's motion to remand, Liberty also argues that none of the exceptions to jurisdiction under CAFA apply.

In her motion, Robinson does not deny that CAFA determines jurisdiction in this case; however, she argues instead that this case falls under CAFA's "Local Controversy Exception" and that the Court should remand the case to state court.

## LAW AND ANALYSIS

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions in two instances: (1) where there is complete diversity

---

[2] In its Notice of Removal, Liberty alleged that Gaston had been fraudulently joined and, because he represented the only possible Louisiana domiciliary, should not be considered for diversity purposes. Document No. 7, p. 6. In its opposition to Robinson's motion, however, Liberty withdrew this basis for removal and therefore the Court will not consider it.

between the parties; or (2) where a federal question is presented in an action arising under the Constitution, federal law, or treaty. 28 U.S.C. §§ 1331, 1332.

When removing a case to federal court, the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any jurisdiction determination is based on the claims in the state court petition as they existed at the time of removal, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995), and any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Furthermore, if at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

CAFA

On February 18, 2005, Congress enacted CAFA to expand federal jurisdiction over class action suits involving out-of-state defendants. Partly based on its finding that state courts' biases and highhandedness in class actions tend to "undermine the national judicial system, the free flow of interstate commerce, and the concept of diversity jurisdiction as intended by the framers of the United States Constitution," Congress created the concept of "balanced diversity." CAFA of 2005, Pub. L. No. 109-2, § 2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.); S. Rep. No. 109-14, at 6 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 7. Unlike normal diversity where plaintiffs and defendants must be completely diverse, "balanced diversity" will tolerate some class-action plaintiffs sharing citizenship with defendants so long as at least one "member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. 1332(d)(2)(A). In this instance, a district court shall have original jurisdiction provided that two other

requirements are met: (1) the putative class consists of 100 or more members, 28 U.S.C. 1332(d)(5)(B); and (2) the matter in controversy, as between the putative class, exceeds the sum or value of $5,000,000.  28 U.S.C.  § 1332(d).

On the present record, namely Robinson's state court petition[3], this case meets CAFA's requirements, and original jurisdiction exists in this Court.  First, with respect to "balanced diversity," presumably all of the putative class members - nearly all the residents of Caldwell Parish - are citizens of a state different from all but possibly one defendant, Gatson.  All of the other defendants, who are corporate entities, hail from and are domiciled in states other than Louisiana, including North Carolina, Delaware, Maryland, Mississippi, and Massachusetts.  The first requirement of CAFA, "balanced diversity," is clearly satisfied.

Second, the requisite minimum number of putative class members exists in this case. Robinson filed this action on behalf of "all persons and businesses that resided or worked in the Parish of Caldwell on October 7, 2004, and were affected by the closure of the bridge that crossed the Ouachita River in the Parish of Caldwell, Louisiana."  Pet., ¶ 2.  While this statement does not precisely quantify the purported class, Robinson estimates that "[t]he number of area residents affected by the closure of the bridge crossing the Ouachita River is . . . at least 2000." Pet., ¶ 13.  This estimate seems accurate given the nature of the accident, the alleged widespread harm that it caused, and the cancellation of the Louisiana Art and Folk Festival scheduled to be held in the area.  Thus, the second requirement of CAFA is also met.

Finally, the sum of the putative class members' claims exceeds the sum or value of $5,000,000.  Because Louisiana law prohibits the inclusion in a petition of a prayer for a specific

---

[3] On February 15, 2006, in response to deficiencies highlighted in Union Pacific Railroad's motion to dismiss, Robinson amended her petition.  (Document No. 25).  None of Robinson's amendments pertain to the jurisdictional issues relevant to this motion.

amount of monetary damages, La. Code Civ. Proc. Ann. art. 893, Robinson's petition does not quantify the amount in controversy. However, on behalf of at least 2000 class members, Robinson alleges a litany of categories of damages: loss of income, physical pain and suffering, mental anguish, inconvenience, lost wages, and loss of earning capacity. Pet., ¶ 19. Robinson amplifies the economic aspect of these damages with the allegation that the defendants' conduct caused the cancellation of the Louisiana Art and Folk Festival, which "provides an economic stimulus to the City of Columbia, Parish of Caldwell by the influx of thousands of individuals, visitors, and residents." Pet., ¶ 8. Similarly, for pain and suffering, Robinson's petition alleges that the bridge's closure required "[o]ver 500 students . . . to cross the bridge on foot as part of efforts to make sure the children attended school . . ." Pet., ¶ 5. As Liberty noted in its Notice of Removal, using Robinson's estimate of 2000 class members, the $5 million amount in controversy would be satisfied if each class member recovered damages of $2,500. Although the Court, when considering a motion to remand, is obligated to construe any ambiguities against removal, *see Acuna*, 200 F.3d at 339, it cannot ignore the plain facts of a case and the inferences that follow therefrom. Here, given the size of the putative class, the alleged widespread harm Robinson alleges, and the amplifying events surrounding the bridge's closure, the undersigned finds that the sum of the putative class members' claims exceeds $5,000,000. Thus, the last requirement of CAFA is satisfied, and absent the application of one CAFA's exception, original jurisdiction exists in this Court.

The "Local Controversy" Exception

Even when a case satisfies CAFA's requirements, two exceptions to federal jurisdiction exist: the "Home State" exception and the "Local Controversy" exception. *See* 28 U.S.C. §1332(d)(3)-(4); S. Rep. No. 109-14, at 28-9 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 28.

It is undisputed that the only exception that possibly applies to this case is the "Local Controversy" exception. Under this exception, a district court must decline jurisdiction where a proponent of remand demonstrates that the following four circumstances are met: (1) greater than two thirds of the members of the putative class are citizens of the state in which the action was filed; (2) at least one defendant is a defendant from whom members of the putative class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the state in which the action was filed; (3) the principal injuries resulting from the alleged conduct of each defendant were incurred in the state in which the action was filed; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the instant class action. 28 U.S.C. § 1332(d)(4). The Senate Report on CAFA clearly indicates that the burden of proving the application of CAFA's exceptions rests with the party opposing removal. *See* S. Rep. No. 109-14, at 44 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 41; *see also Berry v. American Express Pub. Corp.*, 381 F.Supp. 2d 1118, 1122 (C.D. Cal. 2005).

The central dispute in this case involves the second requirement of the "Local Controversy" exception: at least one defendant is a defendant from whom members of the putative class seek **significant relief** and who is a citizen of the state in which the action is filed. While Liberty contends that the relevant defendant, Gaston, is not a Louisiana citizen, its primary argument is that the putative class does not seek significant relief from him. The undersigned agrees.

Although no case law appears to address the meaning of "significant relief" and the role it plays in determining whether to retain jurisdiction over class actions, CAFA's legislative history, namely the Senate Report, sheds some light on what Congress intended. Liberty cites two

sentences of the report stating that a significant defendant must be a defendant "from whom significant relief would be sought by the plaintiff class viewed as a whole." S. Rep. No. 109-14, at 40 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 38. A careful reading of the section of the report containing these quotes, however, reveals that they relate more to whether only a subset of the class seeks relief from the defendant, rather than to the actual amount of relief the class as whole, seeks from an in-state defendant. *See id.* Insight on the latter issue is found in an example the Senate used to illustrate when the "Local Controversy" exception would not apply. *See id.* at 41. There, the Senate described a products liability class action suit on behalf of Florida residents against an out-of-state automobile manufacturer and a few in-state dealers. In finding that this case did not involve an in-state defendant from whom significant relief was sought, the Senate stated, "Even if the plaintiffs are truly seeking relief from the dealers, the relief is just small change compared to what they are seeking from the manufacturers." *Id.* As this statement makes clear, whether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment.

Under the inquiry described above, Gaston, the driver of the tractor-trailer, is not a defendant from whom significant relief is sought. As Liberty notes, Gaston is the only individual named as a defendant in this suit; the other defendants are the following out-of-state national companies: Cheetah Transportation, a corporation engaged in the trucking industry; Union Pacific Railroad, a major railroad corporation; Kenworth of Jackson, a tractor-trailer dealer; and Liberty, a prominent insurance company. Gaston is, as the Senate stated in its report, "just small change" in comparison to what the putative class is seeking from the other defendants. As the

driver of the tractor-trailer, Gaston's alleged negligence may have substantially contributed to the class members' damages; however, it does not follow that the class members seek significant relief from him. With an amount in controversy of at least $5,000,000, the plaintiffs will seek most of that relief from those who are capable of paying it: the corporate defendants. Furthermore, the class members' failure to execute service of process on Gaston as of the date of this ruling is additional circumstantial evidence that they do not seek significant relief from him. *See* Document No. 3. As the party with the burden of proof at this point, Robinson, the putative class representative, has failed to provide any evidence that significant relief is sought from Gatson. Therefore, the "Local Controversy" exception to this Court's jurisdiction under CAFA does not apply, and the plaintiff's Motion to Remand is **DENIED**.


**THUS DONE AND SIGNED** at Monroe, Louisiana, this 24th day of February, 2006.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE