IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| BETTY ROBINSON ET AL. | * | CIVIL ACTION NO. 06-0005 |
| VERSUS | * | JUDGE JAMES |
| CHEETAH TRANSPORTATION ET AL. | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss filed by defendant Union Pacific Railroad Company ("Union Pacific") pursuant to F.R.C.P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Document No. 14). While the motion was not formally opposed, the plaintiff filed an amended complaint in response to it. For reasons stated below, it is recommended that the motion be **DENIED.**

Plaintiff, Betty Robinson ("Robinson"), originally filed this action in state court on November 28, 2005, as the putative class representative for a class consisting of all persons and businesses that resided or worked in Caldwell Parish on October 7, 2004, and were affected by the closure of the Columbia bridge. The bridge's closure occurred when John E. Gaston ("Gaston"), a truck driver and employee of Cheetah Transportation, struck the bridge with a tractor-trailer owned by Kenworth of Jackson. The tractor-trailer's payload consisted of a yellow crane owned by defendant, Union Pacific.

On January 3, 2006, Robinson's suit was removed to this Court.[1] Robinson, as the putative class representative, alleges various economic and emotional damages related to Gaston's collision with the bridge and its subsequent closure. Other than identifying Union

---

[1] Robinson' Motion to Remand (Document No. 17) is currently pending before this Court.

Pacific as a party, Robinson's complaint made only one reference to Union Pacific and its potential liability:

> The defendant, John E. Gaston, was employed by the defendant, Cheetah Transportation, *to transport a yellow railroad crane for the defendant, Union Pacific Railroad, which had hired or contracted Cheetah Transportation to transport the yellow railroad crane that struck the bridge.* Kenworth of Jackson was the owner of the vehicle being operated by the defendant, John E. Gaston[,] and knew or should have known that the defendant, Gaston, would operate it [sic] vehicle in such a negligent manner as described therein.

Petition, ¶ 21 (emphasis added). On February 15, 2006, however, Robinson, in response to Union Pacific's motion and with its consent, requested leave of court to amend the complaint. (Document No. 24) This Court granted Robinson's request, and the amended complaint (Document No. 25) includes the following additional allegation:

> The Defendant, Union Pacific Railroad, negligently loaded or caused to be loaded the tractor-trailer driven by Defendant, John Gaston, with its equipment without due regard to safety procedures; and further knowingly loaded the truck with a crane that it knew, or should have known, would prevent clear and safe passage across the Columbia bridge, thereby causing the damages that are the subject to the Petition for Damages herein.

Amended Complaint, ¶ 23.

## LAW AND ANALYSIS

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true the well-pleaded factual allegations in the complaint, and thus construe them in the light most favorable to the plaintiff. *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3 198, 205 (5th Cir. 1994), *cert. denied,* 514 U.S. 1017 (1995). "Nevertheless, minimal requirements [of pleadings] are not tantamount to non-existent requirements. The threshold may be low, but it is real--and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1998). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent

2

the granting of a motion to dismiss under Rule 12(b)(6). *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

The additional allegation Robinson included in her amended complaint cures the defects Union Pacific first highlighted in its motion to dismiss, and the plaintiff now clearly states a cause of action against Union Pacific. Therefore, it is recommended that the defendant's motion to dismiss be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th day of February, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE