IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **BETTY ROBINSON ET AL.** | * | **CIVIL ACTION NO. 06-0005** |
| **VERSUS** | * | **JUDGE JAMES** |
| **CHEETAH TRANSPORTATION, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING ON SECOND MOTION TO REMAND[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand filed by Plaintiffs (Doc. # 26). After review of the law and evidence submitted by each side, for the reasons stated below, the undersigned finds that jurisdiction in this Court is proper, and Plaintiffs' Motion to Remand is again **DENIED.**

## BACKGROUND

Plaintiff, Betty Robinson ("Robinson"), originally filed this action in state court on November 28, 2005, as the putative class representative for a class consisting of all persons and businesses that resided or worked in Caldwell Parish on October 7, 2004, and were affected by the closure of the Columbia bridge. The bridge's closure occurred when John E. Gaston, a truck driver and employee of Cheetah Transportation ("Cheetah"), struck the bridge with a tractor-trailer owned by Kenworth of Jackson. The tractor-trailer's payload consisted of a yellow crane owned by defendant, Union Pacific Railroad ("Union Pacific"). The complaint names the

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

1

following defendants: Cheetah, Union Pacific, Pro-Leasing of Jackson ("Pro-Leasing"), Liberty Mutual Fire Insurance Company ("Liberty"), Sprinter Transportation ("Sprinter"), Bengal Logistics Services ("Bengal"), and John E. Gaston ("Gaston"). Robinson claims that she and the individuals she is suing on behalf of suffered lost income, physical pain and suffering, mental anguish, inconvenience, lost wages, and loss of earning capacity.

On January 3, 2006, Liberty, the insurer of Cheetah, removed the case to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1441(a)-(b), 1453. Plaintiff then filed a motion to remand under CAFA's "Local Controversy" exception. After finding that this Court has original jurisdiction over this case, the undersigned denied the motion.[2] Thereafter, Plaintiffs amended their complaint to add Sprinter and Bengal as defendants.[3] Plaintiffs then filed the present motion, arguing that the newly added defendants mandate that this case be remanded to state court based on CAFA's "Local Controversy" and "Home State" exceptions.

**LAW AND ANALYSIS**

*A. Burden of Proof*

As the plaintiffs note, there is some disagreement among courts as to which party bears the burden of proving the applicability of the exceptions to CAFA.[4] However, despite the

---

[2]Such motion is incorporated herein by reference.

[3]According to the plaintiffs, after discovery responses were filed and after this Court's previous ruling denying remand, it was revealed that Sprinter was the actual employer of the driver, defendant John E. Gaston, and that Bengal was the company that improperly loaded the cranes onto the truck driven by Gaston.

[4]*See Hart v. FedEx Ground Package System, Inc*. 457 F.3d 675, 680 (7th Cir. 2006) and *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006) (placing the burden on the party seeking remand); *Kearns v. Ford Motor Co., Inc.*, 2005 WL 3967998, *4 (C.D.Cal. Nov. 21, 2005) (placing burden on removing party).

plaintiffs' contention that there is no binding precedent on this issue, the Fifth Circuit recently held that a plaintiff seeking to invoke an exception to CAFA bears the burden of proof on the exception's applicability. *Frazier v. Pioneer Americas, L.L.C.*, 455 F.3d 542, 546 (5th Cir. 2006). Therefore, the onus is on the plaintiffs to establish that remand is warranted under the "Local Controversy" and "Home State" exceptions.

*B. The "Local Controversy" Exception*

Under the "Local Controversy" exception, a district court must decline jurisdiction where a proponent of remand demonstrates that the following four criteria are met: (1) greater than two thirds of the members of the putative class are citizens of the state in which the action was filed; (2) at least one defendant is a defendant from whom members of the putative class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the state in which the action was filed; (3) the principal injuries resulting from the alleged conduct of each defendant were incurred in the state in which the action was filed; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within three years preceding the filing of the instant class action. 28 U.S.C. § 1332(d)(4).

The central dispute in this case involves the second requirement of the "Local Controversy" exception: that at least one defendant is a defendant from whom the class seeks significant relief and who is a citizen of the state in which the action is filed. Union Pacific contends that the plaintiffs have failed to show that they are seeking significant relief from Sprinter or Bengal.[5] The undersigned agrees.

---

[5]In the ruling on the plaintiffs' first motion to remand, the undersigned determined that Gaston is not a defendant from whom the plaintiffs are seeking significant relief.

As this Court stated in its previous ruling denying remand, "whether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment." *Robinson v. Cheetah*, 2006 WL 468820, *3 (W.D.La. Feb. 27, 2006). Although the plaintiffs contend that the addition of Sprinter and Bengal as defendants is sufficient to implicate the "Local Controversy" exception, the undersigned finds that the plaintiffs have failed to meet their evidentiary burden in this regard.

The plaintiffs have ". . . not provid[ed] any enlightenment at all with respect to the significance of the relief that is sought against [Sprinter and Bengal], or its comparative significance relative to the relief sought from the other [five] named co-defendants." *Evans v. Walter Ind., Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006). Furthermore, the plaintiffs have offered no evidence to establish the ability of Sprinter or Bengal to satisfy a judgment potentially amounting to $5,000,000 or more. In fact, the only support proffered for the notion that significant relief is sought from Sprinter and Bengal, or that the two companies could satisfy a potential judgment, are the plaintiffs' bald allegations that such is the case. Given this lack of evidence, and the abundant financial resources of the out-of-state defendants, the undersigned must conclude that Sprinter and Bengal, two relatively small local corporations, have been added in a rather blatant attempt by the plaintiffs to plead themselves out of federal court. Therefore, the "Local Controversy" exception to this Court's jurisdiction under CAFA does not apply.[6]

---

[6]The plaintiffs contend that the conduct of Bengal, Sprinter, and Gaston forms a significant basis of the controversy. However, even assuming that this is true, the statute requires not only that the in-state defendant's conduct form a significant basis of the controversy, but also that significant relief be sought from the in-state defendant. 28 U.S.C. § 1332(d)(4). Therefore, because the plaintiffs have not established that they are seeking significant relief from Bengal,

*C. The "Home State" Exception*

The "Home State" exception to CAFA applies, and the court must remand, when "two-thirds or more of the members of all proposed plaintiff classes, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The provisions of CAFA do not define the term "primary defendants" and there is very little case law addressing the issue;[7] however, the Senate Report on CAFA states the following:

> For the purposes of class actions that are subject to subsections 1332(d)(3) and (d)(5)(a), the Committee intends that "primary defendants" be interpreted to reach those defendants who are the real "targets" of the lawsuit-i.e., the defendants that would be expected to incur most of the loss if liability is found. Thus, the term "primary defendants" should include any person who has substantial exposure to significant portions of the proposed class in the action, particularly any defendant that is allegedly liable to the vast majority of the members of the proposed classes (as opposed to simply a few individual class members). It is the Committee's intention with regard to each of these exceptions that the party opposing federal jurisdiction shall have the burden of demonstrating the applicability of an exemption. Thus, if a plaintiff seeks to have a class action remanded under section 1332(d)(4)(a) on the ground that the primary defendants and two-thirds or more of the class members are citizens of the home state, that plaintiff shall have the burden of demonstrating that these criteria are met by the lawsuit.

S. Rep. No. 109-14, at 43-44 (2005). The plaintiffs assert that Sprinter and Bengal are "indisputable primary defendants." P. Memo. at 15. However, the plain language of the statute indicates that remand is only required when *all* of the primary defendants are residents of the state in which the action was originally filed. *See* 28 U.S.C. § 1332(d)(4)(B) (this is evident from

---

Sprinter, or Gaston, this Court need not address whether their conduct forms a significant basis of the controversy.

[7] Some courts have held that the term "primary defendant" includes any defendant against whom direct liability is sought and, therefore, excludes a defendant whose liability is based on vicarious liability, indemnification, or contribution. *See Adams v. Federal Materials Company, Inc., et al.*, 2005 WL 1862378, *5 (W.D.Ky. July 28, 2005); *Kearns v. Ford Motor Co., et al.*, 2005 WL 3967998, *8 (C.D.Cal. Nov. 21, 2005); *Serrano v. Connect, Inc., et al.*, 2006 WL 2348888, *2 (N.D.Cal. August 11, 2006).

5

the statute's use of the phrase "*the* primary defendants" rather than "*a* primary defendant"). Therefore, even if Sprinter and Bengal can be characterized as primary defendants, this alone is not sufficient to mandate remand under the "Home State" exception.

Furthermore, the plaintiffs have provided no evidence that Sprinter and Bengal would incur most of the loss if liability were found. The plaintiffs rely on their allegation that Bengal is the party that actually improperly loaded the cranes onto the truck. However, while the complaint asserts a claim against Bengal for its alleged negligence in doing so, an essentially identical claim is also asserted against out-of-state defendant Union Pacific Railroad.[8] Amended Complaint ¶¶ 21, 23, 24. Given that the alleged negligent loading of the cranes onto the truck is a significant facet of the plaintiffs' claims, it is indisputable that Union Pacific would be expected to incur a significant portion of the loss if found liable; therefore, Union Pacific is a primary defendant in this case. Accordingly, because all of the primary defendants are not Louisiana residents, the "Home State" exception does not apply.[9]

---

[8]The complaint states: "The Defendant, Union Pacific, negligently loaded or caused to be loaded the tractor-trailer truck driven by Defendant, John Gaston, with its equipment without due regard to safety procedures; and further knowingly loaded the truck with cranes that it knew, or should have known, would prevent clear and safe passage across the Columbia Bridge, thereby causing the damages that are the subject of the petition." Amended Complaint ¶ 23.

[9]The plaintiffs also invoke 28 U.S.C. 1332(d)(3), which allows a district court to decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the class and the primary defendants are citizens of the state in which the action was originally filed. The statute sets forth six factors for a court to consider in deciding whether to exercise jurisdiction. Although the plaintiffs discuss in detail how consideration of these factors requires remand in this case, the undersigned has already concluded that the primary defendants are not Louisiana citizens. Therefore, the plaintiffs' reliance on the six factors is misplaced.

For the reasons stated above, the plaintiffs have failed to establish that the "Local Controversy" and "Home State" exceptions to CAFA apply to this case. Therefore, the plaintiffs' Second Motion to Remand is **DENIED**.

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 14th day of November, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE