RECEIVED
IN MONROE, LA
JAN 2 5 2007
my
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| BETTY ROBINSON, ET AL. | CIVIL ACTION NO. 06-0005 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CHEETAH TRANSPORTATION, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Before the Court is Plaintiffs' Motion for Voluntary Dismissal [Doc. No. 99] of Defendants Cheetah Transportation ("Cheetah"), Union Pacific Railroad ("Union Pacific"), Pro-Leasing of Jackson, Inc. ("Pro-Leasing"), and Liberty Mutual Fire Insurance Company ("Liberty"). Plaintiffs claim that these parties are dispensable to the litigation based on newly discovered evidence. Defendants Cheetah, Pro-Leasing, Liberty, and John Gatson (hereinafter referred to collectively as "Defendants") filed an opposition [Doc. No. 108] arguing that dismissal would be prejudicial to their interests.

For the following reasons, Plaintiffs' Motion for Voluntary Dismissal is GRANTED IN PART AND DENIED IN PART.

I.  FACTS AND PROCEDURAL HISTORY

On January 3, 2006, Plaintiffs filed a class action in the Fortieth Judicial District Court, Parish of Caldwell, State of Louisiana, Civil Suit No. 24,691, for damages arising from the closure of the Columbia bridge on October 7, 2004. On the same day, Liberty removed the case to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1441(a)-(b),

1

1453.

Subsequently, Plaintiffs filed two unsuccessful motions to remand [Docs. No. 17 & 62].[1]

On January 5, 2007, Plaintiffs filed a Motion for Voluntary Dismissal [Doc. No. 99] of Defendants Cheetah, Pro-Leasing, Union Pacific, and Liberty.

On January 8, 2007, the Court issued a minute entry ordering Cheetah to file an opposition [Doc. No. 100].

On January 22, 2007, Cheetah, Liberty, Gatson, and Pro-Leasing filed a memorandum in opposition to Plaintiffs' Motion [Doc. No. 108].[2]

On January 25, 2007, Plaintiffs filed a Reply Brief in Response to Defendants' Opposition to Plaintiffs' Motion for Voluntary Dismissal [Doc. No. 112].

## II. LAW AND ANALYSIS

### A. Voluntary Dismissal

Under Federal Rule of Civil Procedure Rule 41(a)(2), the Court has discretion to grant or deny a plaintiff's motion for voluntary dismissal. A motion for voluntary dismissal should be granted "unless the nonmoving party will suffer some plain legal prejudice. . . ." *Elbaor v. Tripath Imaging Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "The mere prospect of a second lawsuit or the fact that [a] plaintiff may obtain some tactical advantage are insufficient to establish legal prejudice." *Reed v. Falcon Drilling Co., Inc.*, No. 99-0927, 2000 U.S. Dist. LEXIS 1981, at *2 (5th Cir. Feb. 18, 2000). Denial of a motion to dismiss is appropriate where dismissal would

---

[1] On January 3, 2007, the Court affirmed [Doc. No. 96] Magistrate Judge Karen L. Hayes' denial of Plaintiffs' second motion to remand. Plaintiffs' appeal to the Fifth Circuit is pending.

[2] Union Pacific joined Plaintiffs' Motion [Doc. No. 104] and Defendant Bengal Logistics Services, LLC ("Bengal") joined Defendants' Motion [Doc. No. 106].

preclude the court from deciding a pending case or claim-dispositive motion, or there is an objectively reasonable basis for requesting that the merits of the action be resolved in the current forum to avoid legal prejudice. *See Radiant Technology Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988). "Outright dismissal should be refused, however, when a plaintiff seeks to circumvent an expected adverse result." *Id.* The Court should also consider whether the suit is still in the pretrial stages; whether the parties have filed numerous pleadings and memoranda and whether prior court determinations were adverse to the plaintiff; and, whether the parties have undertaken significant discovery. *See Reed*, 2000 U.S. Dist. LEXIS 1981, at *3 (internal citations omitted).

### B.     Plaintiffs' Motion for Voluntary Dismissal

Plaintiffs request dismissal of Cheetah, Union Pacific, Pro-Leasing, and Liberty, with or without prejudice, because they claim these parties are dispensable to the litigation. While Plaintiffs previously believed that Cheetah was the employer of Gaston, Cheetah's amended discovery responses revealed that Sprinter was the actual employer of Gatson. Cheetah's responses also revealed that Bengal was the company responsible for loading the cranes onto the truck driven by Gatson, and not Union Pacific.[3] Plaintiffs also recently learned that Pro-Leasing did not exercise any authority over Gatson, and therefore, has no culpability in this action.

Defendants respond that dismissal of Cheetah, Liberty, and Union Pacific[4] would be prejudicial for several reasons. Dismissal would permit Plaintiffs to avoid a potentially adverse

---

[3]Union Pacific consents to dismissal with prejudice. Union Pacific claims that dismissal without prejudice would allow Plaintiffs to preclude removal to federal court in the future.

[4]Defendants do not oppose dismissal of Pro-Leasing with prejudice.

3

ruling on Defendants' pending Motion to Dismiss Plaintiffs' claims.[5] Dismissal of Cheetah and Liberty would be prejudicial because they are legally responsible for any judgment rendered against Sprinter or Gatson under the Motor Carrier Regulations and Liberty's insurance policy with Cheetah. Further, dismissal of Union Pacific, a potential co-defendant, is premature. Finally, while Plaintiffs now claim that these Defendants are dispensable, Plaintiffs filed the pending motion for voluntary dismissal after two adverse rulings on their motions to remand.

While the case is technically in the pretrial stage, these proceedings span fourteen months, involve numerous motions and appeals, and have required the expenditure of significant time and resources by Defendants. To dismiss the case now would prejudice Defendants' preparations on their pending Motion to Dismiss Plaintiffs' claims. "This alone warrants denial of the Rule 41(a)(2) motion." *Oxford v. Williams Cos.*, 154 F. Supp. 2d 942, 951-52 (E.D. Tex. 2001). Further, dismissal of Union Pacific may prejudice the remaining defendants by precluding contribution and comparative fault. The timing of Plaintiffs' Motion and their attempts to evade federal jurisdiction also convince the Court that dismissal at this stage would be prejudicial. *See, e.g., Unida v. Levi Strauss & Co.*, 986 F.2d 970, 975 (5th Cir. 1993) (upholding denial of a plaintiff's Rule 41(a)(2) motion where ". . . the Plaintiffs' motion to dismiss and remand was an attempt to manipulate the forum in which their case was to be heard.").

Accordingly, Plaintiffs' Motion for Voluntary Dismissal of Cheetah, Union Pacific, and

---

[5]Defendants filed the Motion to Dismiss on August 24, 2006 [Doc. No. 55]. This motion was referred to Magistrate Judge Karen L. Hayes, but no ruling has been issued because of the need to address Plaintiffs' motions to remand in the interim.

4

Liberty is DENIED.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Voluntary Dismissal [Doc. No. 99] is GRANTED IN PART AND DENIED IN PART. Plaintiffs' Motion for Voluntary Dismissal of Cheetah, Union Pacific, and Liberty is DENIED. Plaintiffs' Motion for Voluntary Dismissal of Pro-Leasing is GRANTED, and Pro-Leasing is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 25th day of January, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE