# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **BETTY ROBINSON, ET AL.** | **CIVIL ACTION NO. 06-0005** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CHEETAH TRANSPORTATION, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### MEMORANDUM RULING

Pending before the Court are Motions to Dismiss filed by Defendants Cheetah Transportation, Union Pacific Railroad, Pro-Leasing of Jackson, Inc., Liberty Mutual Fire Insurance Company, John Gatson, and Sprinter Transportation, Inc. (collectively referred to as "Defendants") [Doc. Nos. 55, 60, & 85].[1]  Defendants claim that Plaintiffs fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 115] recommending that the Motions to Dismiss be granted because there is no ease of association between the accident and Plaintiffs' alleged damages.  Alternatively, Magistrate Judge Hayes reasons that Plaintiffs' alleged damages for mental anguish and inconvenience are not recoverable because Plaintiffs did not suffer any physical injury or property damage and the inconveniences they suffered were shared by the general public.  Magistrate Judge Hayes also recommends ordering Plaintiffs to show cause why their claims against Bengal Logistics Services, LLC ("Bengal"), the only Defendant which has not moved for dismissal, should not

---

[1]The Court notes that Pro-Leasing of Jackson, Inc. was voluntary dismissed by Plaintiffs after the pending motion to dismiss was filed.  [Doc. No. 114].

also be dismissed.

Plaintiffs filed an objection to the Report and Recommendation [Doc. No. 116] responding that the Court should stay this action while Plaintiffs' appeal to the United States Court of Appeals for the Fifth Circuit of this Court's denial of their motion to remand is pending. Plaintiffs also argue that Magistrate Judge Hayes applied the wrong legal standard to their claims and should not have addressed their claims against Bengal.  Defendants filed responses [Doc. Nos. 117, 118, & 119].

For the following reasons, the Court ADOPTS the Report and Recommendation of the Magistrate Judge, and Defendants' Motions to Dismiss are GRANTED.  Plaintiffs are required to show cause, within ten (10) business days of the date of this Memorandum Ruling and Judgment, why their claims against Bengal should not also be dismissed.

## I.      LAW AND ANALYSIS

The Court reviews *de novo* a magistrate judge's report and recommendation if a party files specific, written objections within ten days of service.  *See* 28 U.S.C. § 636(b)(1).  In the present case, all parties timely filed objections [Doc. Nos. 116, 117, 118, 119] to Magistrate Judge Hayes' Report and Recommendation, thus warranting *de novo* review by the Court.

### A.      Plaintiffs' Objections

#### 1.      Stay

Plaintiffs filed a permissive appeal to the Fifth Circuit under 28 U.S.C. § 1453(c)(1) challenging this Court's denial of their second motion to remand.  Under 28 U.S.C. § 1453(c)(1), a court of appeals may accept an appeal of a district court's denial of a motion to remand a class action.

Plaintiffs claim that the Court may not rule on a dispositive motion while an appeal on the issue of its jurisdiction is pending.  According to Plaintiffs, the Court must stay consideration of the report and recommendation until the Fifth Circuit decides whether to hear the merits of Plaintiffs' appeal.

Plaintiffs have cited no authority for the proposition that an appeal pursuant to 28 U.S.C. § 1453(c)(1) divests this Court of jurisdiction, and the Court has found none.  Further, judicial economy would be served by ruling on Defendants' Motions to Dismiss.  Therefore, the Court DECLINES TO STAY this action.

**2.     Report and Recommendation**

**a.     Motions to Dismiss**

Plaintiffs claim that Defendants are liable for the consequences of the bridge closure because the truck driver had a duty to avoid colliding with the bridge, and, as a direct result of the collision, the bridge was closed for two days.  Plaintiffs also claim that Magistrate Judge Hayes should have applied the "substantial factor" instead of the "but-for" test of causation.

Plaintiffs misconstrue the nature and scope of Defendants' duties.  Magistrate Judge Hayes correctly reasoned that the purpose of Defendants' duties was to protect other members of the motoring public and their property from harm or damage.  Plaintiffs' alleged mental anguish and inconvenience are not the types of harm encompassed by the duty to drive safely or to load heavy equipment properly.  Therefore, Magistrate Judge Hayes correctly reasoned that there was no ease of association, or legal causation, between the accident and Plaintiffs' alleged damages.

Plaintiffs also misconstrue the proper application of the substantial factor test.  As stated in the case cited by Plaintiffs, the substantial factor test is a legal concept applied to determine

3

cause-in-fact, not legal causation.  *See, e.g., Bertrand v. Henry*, 01-348, p. 5 (La. App. 3 Cir.

12/19/01); 815 So. 2d 868, 873 ("In order for negligent conduct to be a cause-in-fact of harm to

another, it must be a substantial factor in bringing about that harm.").  Magistrate Judge Hayes

explicitly conceded that the accident was a cause-in-fact of Plaintiffs' alleged damages before

determining that Plaintiffs have failed to show legal causation.  The substantial factor test has no

application to whether the accident was a legal cause of Plaintiffs' alleged damages.

### b.  Dismissal of Bengal

Magistrate Judge Hayes recommends ordering Plaintiffs to show cause why the claims

against Bengal should not be dismissed.  Plaintiffs claim that Magistrate Judge Hayes should not

have addressed their claims against Bengal because Bengal did not join the motions to dismiss.

The Court may *sua sponte* dismiss a complaint for failure to state a claim provided that

the adversely affected party is provided with notice and an opportunity to respond.  *See Wachtler*

*v. County of Herkimer*, 35 F.3d 77, 82 (5th Cir. 1994) (citing references omitted).  Plaintiffs have

not distinguished their claims against Bengal or otherwise argued why Magistrate Judge Hayes'

analysis should not apply.  Therefore, Plaintiffs are directed to show cause, within ten (10)

business days from the date of this Memorandum Ruling and Judgment, why Bengal should not

also be dismissed.

Accordingly, the Court ADOPTS the Report and Recommendation of the Magistrate

Judge.

## II.   CONCLUSION

For the aforementioned reasons, the Motions to Dismiss [Doc. Nos. 55, 60, & 85] filed by

Defendants are GRANTED, and Plaintiffs' claims against these Defendants are DISMISSED

WITH PREJUDICE.

Further, Plaintiffs shall show cause, within ten (10) business days of the date of this Memorandum Ruling and Judgment, why their claims against Bengal should not also be dismissed with prejudice for failure to state a claim upon which relief may be granted, for the same reasons as the other Defendants.

Finally, Plaintiffs have not articulated why oral argument would assist the Court, and the Court finds that the written briefs are sufficient to decide this matter.  Plaintiffs' request for oral argument [Doc. No. 116] is DENIED.

MONROE, LOUISIANA, this 28th day of February, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE